UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: ANDREW B. GLASS,

    Debtor.
_____/

ANDREW B. GLASS,

    Appellant,

v.

    Case No. 8:20-cv-506-T-60
    Bankr. No. 8:18-bk-2707-CPM
    Adv. Proc. No. 8:18-ap-577-CPM

JET RECYCLING AMERICA, INC.,

    Appellee.
_____/

## ORDER GRANTING "APPELLEE'S MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION"

This matter is before the Court on "Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction," filed on March 23, 2020. (Doc. 5). Appellant, proceeding *pro se*, responded in opposition to the motion on March 30, 2020. (Doc. 9). Upon review of the motion, response, court file, and record, the Court finds as follows:

### Factual Background

Appellee Jet Recycling America, Inc. ("JRA") is a corporation that makes products that help transform plastic waste into recycled products. (Doc. 7-12). At JRA's founding, Appellant Andrew B. Glass served as its Vice President and Chief Technology and Marketing Officer. (*Id.*). According to JRA Glass violated his fiduciary duty to JRA and its shareholders in several ways, including one incident

where he allegedly lied about a board member in an attempt to usurp control of the business. (*Id.*). When his attempted coup failed, Glass intentionally interfered with JRA's business, stole JRA's intellectual property for his own use and monetary gain, and started a direct competitor to JRA under a nearly identical name – Jet Recycling World, LLC. (*Id.*).

## **Procedural Background**

In 2017, an arbitrator ruled that Glass engaged in fraudulent conduct and repeatedly breached his fiduciary duties to JRA. (*Id.*). On January 19, 2018, a California state court confirmed the arbitration award and entered judgment in favor of JRA. (*Id.*).

On April 4, 2018, Glass filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. *See In re Glass*, No. 8:18-bk-2707-CPM (M.D. Fla. Bankr.). On November 19, 2018, in connection with the bankruptcy case, JRA filed an adversary proceeding by filing a two-count complaint objecting to the dischargeability of the California state court's judgment confirming the arbitration award.[1] (Doc. 7-7).

JRA moved for summary judgment on Count I only, and Glass moved for summary judgment on all counts. (Docs. 7-38; 7-47). On January 28, 2020, JRA moved to amend its complaint and dismiss Count II. (Doc. 7-66). The same day, the bankruptcy court held a hearing on the motions for summary judgment.[2] (Doc. 15).

---

[1] The following day, JRA amended its complaint, but maintained the same two counts. (Doc. 7-12).
[2] The hearing also considered JRA's request to take judicial notice, but that request is not relevant to the instant motion. *See* (Doc. 15).

Following the hearing, on February 11, 2020, the bankruptcy court entered an order that: (1) denied Glass's motion for summary judgment; (2) granted JRA's motion for summary judgment as to Count I, finding specifically that Glass's debt to JRA was non-dischargeable; and (3) stated that the bankruptcy court would, *by separate order*, grant JRA's motion to voluntarily dismiss Count II.  (Doc. 5-1).  The bankruptcy court entered a separate final judgment in favor of JRA as to Count I.  (Doc. 7-67).  On February 24, 2020, Glass filed a notice of appeal on the summary judgment order.  (Doc. 1).

## Legal Standard

The federal district courts function as appellate courts for review of final judgments and certain interlocutory orders of the bankruptcy courts.  *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994); 28 U.S.C. § 158(a).  The bankruptcy court's legal conclusions are reviewed *de novo*, and findings of fact are reviewed for clear error.  *Bunyan v. Remick*, No. 8:18-cv-1519-T-36, 2019 WL 4805428, at *2 (M.D. Fla. Oct. 1, 2019) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009)); *see also In re Piazza*, 719 F.3d 1253, 1260 (11th Cir. 2013).

## Analysis

JRA argues that the Court lacks jurisdiction to hear this appeal because Glass improperly appealed the summary judgment order rather than the final judgment.[3]  Upon review, the Court agrees.

---

[3] Federal Rule of Civil Procedure 58 is applicable to adversary proceedings in bankruptcy courts through Federal Rule of Bankruptcy Procedure 7058.

Under 28 U.S.C. § 158(a), a federal district court's jurisdiction to hear bankruptcy appeals is limited to "final judgments, orders, and decrees," and certain interlocutory appeals. "[A] final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." *In re Culton*, 111 F.3d 92, 93 (11th Cir. 1997) (citing *In re Tidewater Grp., Inc.*, 734 F.2d 794, 795-96 (11th Cir. 1984)). As such, "to be final, a bankruptcy court order must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief." *In re Steffen*, 500 F. App'x 877, 879 (11th Cir. 2012) (quoting *In re Donovan*, 532 F.3d 1134, 1136-37 (11th Cir. 2008)) (finding that a dismissal order "did not fully resolve" a bankruptcy case where "resolution of the case remained open and unfinished pending compliance with the conditions" in the dismissal order).

In the bankruptcy court's summary judgment order, the bankruptcy court said it would "grant by separate order the Motion to Amend filed by JRA so as to dismiss Count II of JRA's Amended Complaint." (Doc. 5-1). The summary judgment order was therefore not a "final order" because Count II remained open and pending. *See, e.g.*, *Failon v. Compass Chem. Int'l, LLC*, 3:16-cv-317-JAG, 2016 WL 4599904, at *1-2 (E.D. Va. Sept 2, 2016) (dismissing for lack of jurisdiction because the order "was an interlocutory order … not a final order" where the order granting partial summary judgment resolved Count II but not Count I); *In re Robinson*, 194 B.R. 697, 700 (N.D. Ga. 1996) (explaining that "[p]artial summary judgments … very rarely give rise to a final order for the purposes of appeal" because they "customarily leave some portion of the underlying 'discrete dispute'

unresolved"). Glass did not timely appeal the final judgment.[4] *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8002(a). Therefore, the Court lacks jurisdiction to hear Glass's appeal and "there are no equitable exceptions to such jurisdictional requirements." *Ford v. Waage*, No. 8:18-cv-2053-T-02, 2019 WL 2027729, at *8 (M.D. Fla. May 8, 2019) (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). As such, the motion to dismiss is due to be granted. This appeal is dismissed for lack of subject matter jurisdiction.

Accordingly, it is **ORDERED, ADJUDGED,** and **DECREED**:

1. "Appellee's Motion to Dismiss Appeal for Lack of Jurisdiction" (Doc. 5) is **GRANTED**. This appeal is **DISMISSED**.

2. The Clerk is directed to terminate any pending motions and deadlines and thereafter **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of June, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

---

[4] A party may file an interlocutory appeal of a non-final order, but only with leave of court. 28 U.S.C. § 158(a)(3). To do so, a plaintiff must timely file a motion seeking leave and, to succeed on that motion, must establish that an interlocutory appeal is appropriate under Fed. R. Bankr. P. 8004 and 28 U.S.C. § 1292(b). *See, e.g., In re Robinson*, 3:19-cv-1155-J-32, 2019 WL 5102921, at *1 (M.D. Fla. Oct. 11, 2019) (denying a motion seeking leave to file an interlocutory appeal filed by a *pro se* litigant). Plaintiff has not sought leave to file an interlocutory appeal and – even if he had – there does not appear to be "substantial ground for difference of opinion" as to the outcome of this case. *See* 28 U.S.C. § 1292(b).